IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
08 DEC -4 PM 3:43
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | COMPLAINT |
| SCHULTE CORPORATION, ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

1:08-cv- 1631 SEB -JMS

### NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") brings this action pursuant to the Age Discrimination in Employment Act to compel specific performance of a Predetermination Settlement Agreement resolving a charge filed on the basis of age and retaliation, and to make whole Karon L. Hill, the Charging Party. The Commission alleges that it entered into a Predetermination Settlement Agreement with Schulte Corporation on August 14, 2008, in settlement of Charge No. 470-2007-05022, which Hill filed with the Commission. The Commission further alleges that Schulte Corporation has breached the Agreement in that it has failed and refused to abide by the terms of the Agreement.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Schulte Corporation (the "Employer"), has continuously been an Ohio corporation doing business in the State of Indiana and the City of Bloomington, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to obtain Defendant Schulte Corporation's compliance with the Predetermination Settlement Agreement and thus to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least August 14, 2008, Defendant Employer has failed and refused to comply with the terms of the Predetermination Settlement Agreement it entered into with the Commission and Hill on or about August 14, 2008. A copy of the Agreement is attached hereto as Exhibit A. A copy of a letter from the Commission to Schulte Corporation alerting Schulte Corporation of its breach and providing Schulte Corporation an opportunity to correct the same is attached hereto as Exhibit B.

8. The unlawful practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a judgment ordering Defendant to pay Hill the amount of damages Defendant negotiated and agreed to pay, prejudgment interest, and legal costs associated with the collection of the amount due and owing.

B. Grant a permanent injunction compelling specific performance of the Agreement entered into and executed by Defendant, the Commission, and Hill.

C. Grant a judgment requiring Defendant to pay liquidated damages for its willful conduct described in paragraph 7 above.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street,
Suite 1900
Indianapolis, In 46204
Phone: (317) 226-7949
Fax: (317) 226-5571
Email: joann.farnsworth@eeoc.gov